PACIFIC JUSTICE INSTITUTE
TRACY TRIBBETT (WSBA #35922)
6404 THREE RIVERS DRIVE
PASCO WA 99301
(509)-713-9868
ttribbett@pji.org

CHERNE LAW P.C.
Jonathon Cherne, *pro hac vice pending*
5776-D Lindero Canyon Road, # 257
Westlake Village, CA 91361
818-851-1305
jcherne@chernelaw.com

Attorneys for Plaintiff David Body

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| David Body, <br><br> Plaintiffs, <br><br> v. <br><br> City of Seattle, and Does 1-5 <br><br> Defendants. | Case No.: 2:22-cv-1017 <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** <br><br> I.   Title VII -- Religious Discrimination <br><br> **JURY DEMANDED** |

## **INTRODUCTION**

23. The City of Seattle has implemented a CV19 vaccination policy for all employees . No accommodations for people of faith, who hold sincere religious convictions against receiving CV-19 vaccines, were allowed. This violates the rights of workers to be free from discrimination under Title VII.

24. By this complaint Plaintiff seeks relief from discrimination against him under Title VII, 42 USC 2000e, et seq.

## **JURISDICTION AND VENUE**

25. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it presents a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42.U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and other laws of the United States, and also pursuant to 28 U.S.C. § 1343.

26. Plaintiffs' claims for declaratory relief and damages are authorized by 28 U.S.C. §§ 2201-2202, Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

27. This Court has the authority to award Plaintiffs' attorneys' fees and costs associated with this action pursuant to 42 U.S.C. § 1988 and other applicable laws.

28. Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threated to occur in this jurisdictional district and division.

## PARTIES

29. Plaintiff David Body was an employee of the City of Seattle, Department of Transportation, as an arboriculturist.

30. Defendant, City of Seattle, is an employer and violated the right of Plaintiff to be free from discrimination.

31. Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 5 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of

such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 5, inclusive.

## FACTS

32. On or about August 9, 2021, the Governor of Washington, Jay Inslee, passed Proclamation 21-14

33. Proclamation 21-14 requires all workers for State Agencies to subject themselves to a CV-19 vaccination or face termination from their employment, unless such worker is granted a religious or medical accommodation/exemption.

34. Proclamation 21-14 allows for religious accommodation under Title VII and the Washington Law Against Discrimination (WLAD).

35. Proclamation 21-14 has been implemented in a manner that does not allow for the religious accommodation process to be given meaningful dialogue about job accommodations.

36. Plaintiff holds religious convictions that prevent him from taking the CV-19 vaccination. His beliefs are sincere.

37. Due to his sincerely held religious beliefs, Plaintiff submitted a request to Defendant on or about September 15, 2021, for a religious accommodation pursuant to Title VII/WLAD.

38. Plaintiff's request for a religious exemption was approved by the City on October 7, 2021.

39. Thereafter, on or about October 15, 2021 the City emailed Plaintiff at close of business on the Friday before the Proclamation was to take effect [October 18, 2021] informing Plaintiff that no accommodation was possible and that his employment would be terminated.

40. Not once did Defendant speak to Plaintiff, or otherwise engage in any interactive process with Plaintiff to determine if any accommodation could be made, prior to claiming any accommodation would be an undue hardship.

41. The City failed, entirely, to have a meaningful and interactive discussion regarding the job functions and the requested accommodation.

42. Plaintiff was denied the process of assessing the individual job functions and how any accommodation would pose an undue burden as required under Title VII.

43. As a result of the denial of the request for a religious accommodation under Title VII, the Plaintiff was placed on administrative leave, and then terminated from employment on or about November 30, 2019. This constitutes adverse employment action.

44. Plaintiff exhausted his administrative remedies by timely filing a charge of discrimination, and received a "right to sue" letter from the EEOC on May 2, 2022.

## FIRST CAUSE OF ACTION
### Title VII
### (42 U.S.C. § 2000e)
### (against all Defendants)

45. Plaintiff repeats and realleges the allegations above and incorporates those allegations herein by reference.

46. At all times relevant herein, Plaintiff was qualified to perform his duties as a arboriculturist.

47. Plaintiff has a sincerely held religious belief against receiving a CV-19 vaccine.

48. Plaintiff notified Defendant of his sincerely held religious belief by submitting a request for religious accommodation, thus engaging in actions protected by federal law.

49. Defendant failed and refused to accommodate Plaintiff on account of his religious beliefs.

50. Defendant subjected Plaintiff to adverse employment actions by removing him from his position and then terminating him from employment.

51. Defendant refused to meet with Plaintiff and discuss his request for religious accommodation under Title VII, and issued a boilerplate denial letter to him.

52. Plaintiff's religious observance and need for a religious accommodation was a substantial motivating factor in Defendant's decision to terminate Plaintiff.

53. As a direct and proximate result of the discriminatory actions of Defendant, as alleged herein, Plaintiff has suffered harm in the form economic and non-economic damages, plus interest thereon.

54. Wherefore, Plaintiff brings this claim under 42 U.S.C. § 2000e and requests the relief set forth below in the prayer for relief.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that the Court enter judgment in his favor, and against the Defendant, for full relief, including the following:

1. Damages as proved at trial

2. Order Defendant to make Plaintiff whole by awarding appropriate economic damages for past and future losses in amounts to be determined at trial, including, but not limited to, lost wages, benefits, retirement, medical coverage, dental, and vision insurance.

3. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful conduct, including but not limited to pain and suffering, emotional distress, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

4. Attorney's fees and costs.

5. Pre-judgment interest on damages.

6. Other relief as deemed appropriate by the court

7. Declaratory relief that Defendant violated Title VII and denied the Plaintiff due process under the law.

8. Grant a permanent injunction enjoining Defendant, its agents and employees, and all persons acting in active concert or participation with it, from engaging in religious discrimination and any other employment practice which discriminates on the basis of religion.

Dated: July 22, 2022

                ___s/ Tracy Tribbett_____
Tracy Tribbett, WSBA #35922
Pacific Justice Institute
6404 Three Rivers Drive
Pasco WA 99301
(509)-713-9868
ttribbett@pji.org